

December 23, 2014

The Honorable Allan B. Ritter
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1096

Re: Whether municipalities must meet the population requirement in section 43.121 of the Local Government Code to annex property under section 43.129 (RQ-1210-GA)

Dear Representative Ritter:

You have requested an opinion concerning "the authority of Texas municipalities to engage in 'Limited Purpose Annexations'" pursuant to section 43.129 of the Local Government Code.[1] You explain that the City of Orange ("the City") has received a petition from landowners for limited purpose annexation. *See* Request Letter. You tell us that "[o]ne hundred percent of the landowners of the property that is proposed to be annexed have requested the annexation." *Id.* The City has a population of 18,595.[2] Noting that a "concern has been raised regarding the population requirements for a home-rule municipality to engage in a limited purpose annexation," you ask whether the population requirement in section 43.121(a) of the Local Government Code applies to annexation by consent authorized under section 43.129. *Id.*

Chapter 43, subchapter F of the Local Government Code relates to "Limited Purpose Annexation." TEX. LOC. GOV'T CODE ANN. §§ 43.121–.136 (West 2008). Section 43.129 of that subchapter states, in relevant part, that "[t]he municipality may annex for limited purposes any land for which the landowner requests annexation and provides to the municipality before the effective date of the annexation the landowner's written consent to annexation for limited purposes." *Id.* § 43.129 (titled "Consensual Annexation"). No language within section 43.129 limits its application to

---

[1]Letter from Honorable Allan B. Ritter, Chair, House Comm. on Natural Res., to Honorable Greg Abbott, Tex. Att'y Gen. (received July 11, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]*See* U.S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2010 CENSUS OF POPULATION: TEXAS QUICK FACTS, http://quickfacts.census.gov.

municipalities of a certain size. *See id.* The first section in subchapter F, however, places a population requirement on annexation authorized under that section:

> The governing body of a home-rule municipality *with more than 225,000 inhabitants* by ordinance may annex an area for the limited purposes of applying its planning, zoning, health, and safety ordinances in the area.

*Id.* § 43.121(a) (emphasis added). You question whether home-rule municipalities exercising the authority granted under section 43.129 must also meet the 225,000 population requirement in subsection 43.121(a). *See* Request Letter.

The primary objective in construing statutes is to determine the Legislature's intent, which is ascertained through the words that the Legislature selected. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). The Legislature's intent is derived from the statute as a whole, not by reading individual provisions in isolation. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 454 (Tex. 2012).

A plain reading of section 43.129 in the context of subchapter F does not provide a definitive answer to your question. The provisions in subchapter F operate together as a scheme for limited purpose annexation. *See* TEX. LOC. GOV'T CODE ANN. §§ 43.121–.136 (West 2008). Section 43.121 authorizes "*a* home-rule municipality" meeting the population requirement to annex for limited purposes. *Id.* § 43.121 (emphasis added). Subsequent provisions establish planning and public hearing requirements for "the" municipalities exercising authority granted by section 43.121. *Id.* §§ 43.123–.128. Section 43.129 then authorizes "*[t]he* municipality" to annex property for limited purposes by consent. *Id.* § 43.129 (emphasis added). Use of the article "a," as opposed to "the," would have more clearly signified intent for section 43.129 to apply broadly to all home-rule municipalities. Thus, a court could construe the word "the" as referring to the municipality that has authority under section 43.121 to annex for limited purposes, thereby preventing municipalities with a population of 225,000 or less from exercising the authority granted by section 43.129.

Conversely, section 43.129 grants consensual annexation authority, which is distinguishable from the unilateral annexation authority granted by section 43.121. *See id.* Use of language similar to that in subsection 43.121(a) or a reference back to that subsection would have more clearly signified intent for section 43.129 to be limited by a population threshold. *See id.* § 43.121(a). Courts construing section 43.129 might be unwilling to read limiting language into that section without clearer evidence that the Legislature intended to limit the section's applicability. *Laidlaw Waste Sys. Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) (explaining that words will be read into a statute only to effect clear legislative intent).

We find no court decisions addressing the question you raise. Given that all landowners of the property in question have consented to limited purpose annexation, it is unlikely that a decision by the City of Orange to exercise authority under section 43.129 in this instance would be challenged in court because consensual annexation is by definition non-adversarial. Without further guidance from the courts or the Legislature, however, it is not possible to reliably predict whether a court would require a municipality to meet the 225,000 population requirement in subsection 43.121(a) in order to annex for limited purposes by consent under the authority granted by section 43.129.

## S U M M A R Y

Without further guidance from the courts or the Legislature, it is not possible to reliably predict whether a court would require a municipality to meet the 225,000 population requirement in subsection 43.121(a) of the Local Government Code in order to annex for limited purposes by consent under the authority granted by section 43.129.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee